UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID BRIAN DIENSTEL,<br><br>                    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05518-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 24, 2015 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance ("DIB") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be affirmed and this matter should be dismissed.

FACTUAL AND PROCEDURAL HISTORY

On February 25, 2011, plaintiff filed an application for DIB, alleging disability as of January 1, 1996, due to schizophrenia, edema, and renal problems. *See* Administrative Record ("AR") 68-75. His application was denied upon initial administrative review and on reconsideration. See AR 73-75, 82-85. A hearing was held before an administrative law judge

REPORT AND RECOMMENDATION - 1

("ALJ") on November 19, 2012, at which plaintiff, represented by counsel, appeared and testified, as did his brother, Jim Dienstel. *See* AR 17, 33-66. A vocational expert appeared at the hearing but did not testify. *See* AR 63-4. Plaintiff amended his alleged onset date to October 18, 2002. *See* AR 17, 229.

On November 28, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. *See* AR 17-23. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 24, 2014, making the ALJ's decision defendant's final decision. *See* AR 1-5; *see also* 20 C.F.R. § 404.981. On June 27, 2104, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. *See* ECF ##1, 7. The administrative record was filed with the Court on September 29, 2014. *See* ECF ## 14, 15. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further proceedings, because the ALJ erred: (1) by failing to provide sufficient reasons to support the determination that plaintiff did not have a severe impairment; (2) by improperly substituting his own opinion for those of the treating and examining physicians; and (3) by failing to provide sufficient reasons for discrediting testimony from plaintiff and several lay witnesses. For the reasons set forth below, the undersigned disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore recommends that defendant's decision be affirmed.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v.*

REPORT AND RECOMMENDATION - 2

*Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). Substantial evidence is more than a scintilla of evidence, although less than a preponderance of the evidence. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must "result[] from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Defendant employs a five-step "sequential evaluation process" to determine whether a claimant

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

meets the requirements and is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.*

At step two, the ALJ must determine whether the claimant has an "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A non-severe impairment "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). To meet this low threshold, the claimant must provide evidence from "acceptable medical sources" to establish a "medically determinable impairment." 20 C.F.R. § 404.1513(a). "An 'impairment' must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." Social Security Ruling ("SSR") 96–4p; *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). To prove a severe impairment, the record must include results of these "medically acceptable clinical diagnostic techniques." *Ukolov*, 420 F.3d at 1005. Symptomology, alone, cannot establish a severe impairment. SSR 96–4p; *Ukolov*, 420 F.3d at 1005.

In this case, the ALJ determined that the plaintiff had not established a severe impairment at step two, which then terminated the evaluation. *See* AR 19-23. Plaintiff's allegations of error all relate to this step-two finding. The ALJ found that:

> the medical evidence of record shows no medically determinable mental impairments prior to the date last insured. On October 18, 2002, Dr. Douglas assessed the claimant with "suspicion of paranoid schizophrenia," but indicated that the claimant had never been formally diagnosed. Even if this notation is taken as a diagnosis, the claimant's only complaints at the time were frustration with being out of work.

REPORT AND RECOMMENDATION - 4

AR 21-22. Plaintiff disagrees, stating that the ALJ overlooked several years of chart notes from treating and evaluating physicians and several statements from family and friends that establish a longstanding psychiatric disorder.

The administrative record does not, however, include evidence of the required clinical diagnostic techniques and resulting diagnosis during the limited time period under consideration. Because plaintiff has applied for DIB only, he must establish disability between his alleged onset date and his date last insured. 42 U.S.C. §§ 423 (a) and (c); 20 C.F.R. § 404.131; *Webb v. Barnhart*, 433 F.3d 684, 685 (9th Cir. 2005). In this case, that time frame runs from the alleged onset date of October 18, 2002, to his date last insured of September 20, 2008. *See* AR 229.

In 1997, plaintiff's primary care physician, Bruce Douglas, M.D., made several notes concerning plaintiff's mental health and increasingly paranoid behavior. *See* AR 244-47, 251-53. Dr. Douglas noted that:

> [plaintiff] has never been diagnosed with a mental illness, in fact psychiatrists met with him on several occasions and did not feel that he had psychiatric abnormalities. I have felt that he is a schizotypical type of personality and may in fact be developing some paranoid schizophrenia, but usually can function at a fairly high level.

AR 250. He believed that plaintiff was "very suspicious for paranoid schizophrenia." AR 251. Dr. Douglas reaffirmed this when he saw plaintiff on October 18, 2002. *See* AR 240. But, plaintiff was resistant to intervention, particularly psychological testing. *See* AR 240.

The record contains no evidence that plaintiff received mental health testing or diagnosis before or on October 18, 2002. Dr. Douglas noted symptoms of delusions and increasing paranoia, but his chart notes suggest that psychiatrists found no psychiatric impairments. Dr. Douglas, himself, does not appear to have conducted mental health testing to objectively support his "suspicions" of paranoid schizophrenia. Without clinically acceptable diagnostic techniques,

REPORT AND RECOMMENDATION - 5

mere suspicion does not satisfy the evidentiary requirement for a medically determinable impairment. *Ukolov*, 420 F.3d at 1005.

After visiting Dr. Douglas in October 2002, plaintiff apparently sought no medical treatment until February 2011. *See* AR 270. At this point, plaintiff saw several medical professionals on an emergent basis after intervention from police and family. *See* AR 271-72, 273-74, 284-85, 298-99. These records document current behavior suggesting mental health symptoms, but contain no diagnosis. *See* AR 271-72, 273-74, 284-85, 298-99. His behavior indicated schizophrenia, but a diagnosis could not be made without further information and testing. *See* AR 274, 285. And, most importantly, these medical reports describe plaintiff's condition significantly after his date last insured and do not establish a severe impairment during the time period at issue.

Plaintiff's claim requires proof of a severe impairment between his alleged onset date and his date last insured. The record is devoid of any evidence from that time period, other than Dr. Douglas' report on the alleged onset date. Plaintiff has provided no medical evidence, beyond mere suspicion, that he suffered from a medically determinable impairment during the relevant period. Without citation to evidence demonstrating an impairment diagnosed by "medically acceptable clinical diagnostic techniques," plaintiff fails to establish that he had a severe impairment during the disability insurance coverage period. The ALJ did not err in so finding at step two.

Plaintiff's references to lay witness reports and testimony to support his claim are unavailing. *See* AR 56-62, 184-200, 234-36. These reports, letters and testimony date to 2011 and 2012, but all the reports identify obsessive, paranoid, or odd behavior dating back many years. *Id.* However, testimony from lay witnesses cannot prove a medically determinable

REPORT AND RECOMMENDATION - 6

impairment. Only evidence from "acceptable medical sources," such as licensed physicians or psychologists, can establish a medically determinable impairment. 20 C.F.R. §§ 404.1513(a), (a)(1), (a)(2). Lay witnesses cannot assist plaintiff in meeting his step-two burden.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ properly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court affirm defendant's decision.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **April 24, 2015**, as noted in the caption.

DATED this 6th day of April, 2015.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7